Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7629 | **DATE** | March 2, 2011 |
| **CASE TITLE** | Bryan Thomas (#2009-1021170) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to separate out Plaintiff Bryan Thomas' *in forma pauperis* application from the amended complaint [#12], to docket the application as a separate entry, and to consider the application granted. Thomas is granted *in forma pauperis* status to file his complaint. The trust fund officer at Thomas' place of confinement shall deduct $8.33 from his trust fund account and shall continue making deductions in accordance with this order. Thomas may proceed with his amended complaint, and the clerk shall issue summons for service of the amended complaint, through the U.S. Marshal's Service, on Tom Dart. Summonses shall not issue for the John Doe Defendants until Plaintiff provides their names. The Cook County Health and Hospital Systems is dismissed as a Defendant. The Clerk shall forward to Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, Bryan Thomas, currently an inmate at the Robinson Correctional Center (#R-12763), has submitted another *in forma pauperis* application and an amended complaint following this Court's December 30, 2010 order. Plaintiff initiated this suit with six Cook County Jail inmates, alleging adverse jail conditions, including the lack of dental care. In its December 30, 2010, order, the Court denied the *in forma pauperis* applications, which contained outdated trust fund account information, and dismissed the complaint, which contained several unrelated claims against different defendants. The Court advised the Plaintiffs that, if they wanted to proceed with their claims, they should submit separate suits, given the difficulties with jail inmates jointly litigating unrelated, mis-joined cases in a single case *pro se*. The lead Plaintiff from the initial complaint (Bryan Thomas) has filed an amended complaint listing only himself as Plaintiff and asserting only related claims. He has also submitted another *in forma pauperis* application.

Plaintiff's current *in forma pauperis* application contains updated trust fund account information and reveals that he is unable to prepay the $350 filing fee. The Court grants the motion and assesses an initial partial filing fee of $8.33. The trust fund officer at Plaintiff's place of confinement is authorized to deduct the initial partial filing fee from Plaintiff's account, when adequate funds exist, and mail the payment to the Clerk of this Court. 28 U.S.C. § 1915(b). Thereafter, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Robinson Correctional Center shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

**(CONTINUED)**

isk

The Court has conducted a preliminary review of the amended complaint. *See* 28 U.S.C. § 1915A. Although Plaintiff's prior complaint impermissibly asserted unrelated, mis-joined claims against different defendants, *see George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), his current complaint more narrowly asserts only claims of inadequate dental care while he was at the Cook County Jail. Plaintiff alleges that he requested to see a dentist upon entering the jail and several times after, but that he had to wait over a year before a visit. According to Plaintiff, the dentist only wanted to clean one side of Plaintiff's teeth and made a cursory comment that Plaintiff's teeth were fine. Shortly after that visit, Plaintiff was transferred to the Illinois Department of Corrections. X-rays taken during his intake at Stateville Correctional Center revealed that he had eight cavities and needed an extraction of a wisdom tooth. His tooth was extracted shortly after his arrival at Robinson Correctional Center by the dentist at that facility.

Plaintiff may proceed with his amended complaint against Tom Dart, the dentist, and the director of inmate dental care at Cook County Jail. *See McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010) (discussing the elements of deliberate indifference to dental needs). The Cook County Health and Hospital Systems is not a suable entity and is therefore dismissed as a defendant. *See Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill.1989) (county hospital not considered a suable entity). To the extent Plaintiff seeks to allege a custom or policy claim against the jail's dental-care system, his claims against Tom Dart and the director of inmate dental care suffice.

The clerk shall issue summons for service of the amended complaint on Tom Dart, in his official capacity. The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve this Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service.

Once an attorney enters an appearance for Dart, Plaintiff may forward discovery requests to learn the names of the two John Doe Defendants. Upon learning their names, Plaintiff should either submit another amended complaint naming all of the Defendants or file a motion to substitute the actual names in place of the John Does listed in the amended complaint. Plaintiff's failure to attempt to learn the John Does' names within 120 days after an appearance is entered for Dart may be construed as Plaintiff's desire not to proceed against the Doe Defendants and may result in the Court dismissing them as Defendants. Plaintiff is further advised that the limitations period for constitutionally inadequate inmate dental care in Illinois is two years. *Manney v. Monroe*, 151 F. Supp. 2d 976, 994 (N.D. Ill. 2001) (limitations period for a claim of deliberate indifference to dental needs in Illinois is two years); *see also Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996) (substituting actual name for a John Doe defendant does not relate back to the date the complaint listing defendant as John Doe was filed).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.